**Earlus L. WILLIAMS, Petitioner–Appellant,**

v.

**John LAMANNA, Warden, Respondent–Appellee.**

No. 01–3198.

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2001.

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Ten-

Before GUY and MOORE, Circuit Judges; HULL, District Judge.*

### ORDER

Earlus L. Williams, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, Williams was convicted of possession with the intent to distribute cocaine and possession of a firearm in relation to a drug trafficking offense. He was sentenced to 228 months of imprisonment. Williams challenged the calculation of his good conduct time under 18 U.S.C. § 3624(b)(1). The district court dismissed the petition as meritless. In his timely appeal, Williams continues to challenge the calculation of his good conduct time.

The district court's judgment is reviewed de novo. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we affirm the district court's judgment. Williams alleged the phrase "may receive credit toward the service of [his] sentence, beyond the time served" found in § 3624(b) should be interpreted to allow him good time conduct credits for the entirety of the sentence that was imposed upon him rather than for the actual time of incarceration. Williams claims that he is entitled to 1,026 days of good conduct time rather than the 894 days calculated by the Bureau of Prisons.

nessee, sitting by designation.

Under § 3624(b), an inmate may be awarded 54 days of good time credit per year only "at the end of each year of the prisoner's term of imprisonment ... subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with the institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1); *see United States v. Martin,* 100 F.3d 46, 47 n. 1 (7th Cir.1996).

The statute clearly states that good conduct time is awarded on time served by the inmate, not on the time that might potentially be served by the inmate. The record shows that for each year that Williams has served, he has received 54 days of good conduct time, thus reducing the amount of time he will actually serve. Because the number of years that Williams actually serves will be less than the imposed nineteen-year sentence, Williams is not entitled to 1,026 days of good conduct time. The Bureau of Prisons correctly calculated Williams's good time conduct as 894 days based on the number of years he will in fact serve in prison, rather than on the imposed nineteen-year sentence.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.